USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILE MAR 0 5 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- X

RICHARD GREENE,                          :    10 Civ. 5344 (KBF)

                    Plaintiff,           :    MEMORANDUM OPINION
                                                   & ORDER
          -v-                            :

D.O.C. (DEPARTMENT OF CORRECTION),       :

                    Defendant.           :

---------------------------------------- X


KATHERINE B. FORREST, District Judge:


     On July 7, 2010, plaintiff Richard Greene ("Greene" or

"plaintiff"), formerly an inmate at the Anna M. Kross Center

(the "AMKC"), part of the Rikers Island Facilities, brought this

pro se complaint under 42 U.S.C. § 1983 against the Department

of Corrections ("defendant" or the "DOC").  Greene alleges that

on April 13, 2010, he was illegally strip searched in his

housing facility at the AMKC.

     On September 1, 2011, defendant moved for summary judgment

on a variety of grounds.  As it was not clear that plaintiff

received defendant's motion at that time (because he was

transferred to a different facility shortly after its filing),

this Court directed defendant to resend its motion papers to

plaintiff at his new facility on November 28, 2011.  (Dkt No.

23.)  On December 14, 2011, plaintiff filed an opposition to the

motion for summary judgment, which consisted of a re-assertion of his right to relief.   (Dkt No. 24.)

This Court now GRANTS defendant's motion for summary judgment on the bases that the DOC is not a proper defendant, plaintiff has failed to exhaust his administrative remedies and that purely emotional injuries of the sort plaintiff here alleges do not present a cognizable claim under Section 1983.

BACKGROUND

Plaintiff asserts that in April 2010 he was strip searched without appropriate partition safeguards and that female officers could and did see him.   (Compl. at 3.)[1]  He claims that his rights were violated and that he suffered emotional stress. (Id.)   Following the incident, plaintiff wrote letters to Warden Cripps of the AMKC and "Mrs. Reed" of the Board of Correction and filled out a "Grievant's Statement Form."   (Id. at 4.)

There are a set of grievance procedures available to inmates of facilities on Rikers Island — contained in the Inmate Grievance Resolution Program (of which this Court takes judicial

---

[1] Plaintiff has signed his complaint under penalty of perjury. (Compl. at 7.)   This Court considers the complaint in the nature of a verified complaint and therefore treats plaintiff's allegations in the nature of an affidavit.  See Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995) ("A verified complaint is to be treated as an affidavit for summary judgment purposes, and therefore will be considered in determining whether material issues of fact exist, provided that it meets the other requirements for an affidavit under Rule 56(e).")

notice, see New York City DOC Directive #3375R-A).  An inmate
wishing to grieve an action by a corrections officer should
address a complaint to the Inmate Grievance Resolution Committee
("IGRC"), and if not satisfied with the result, can appeal that
decision to the superintendent of the facility; DOC then permits
the inmate to appeal an adverse decision by the superintendent
to the Central Office Review Committee ("CORC").  See e.g.,
Espinal v. Goord, 558 F.3d 119, 125 (2d Cir. 2009) (explaining
the three-tiered process; citing N.Y. Comp. Codes R. & Regs.,
tit. 7, § 701.1 et seq); Bridgewater v. Taylor, --- F. Supp. 2d
----, 2011 WL 6762931, at *2 n.5 (S.D.N.Y. Dec. 21, 2011).

Plaintiff commenced this action on July 7, 2010, solely as
against the DOC.

DISCUSSION

1. Standard of Review

Summary judgment is appropriate when there is no genuine
issue of material fact in dispute.  Fed. R. Civ. P. 56.  In the
absence of a triable issue of fact, this Court can grant summary
judgment as a matter of law.  Id.  In reviewing a motion for
summary judgment, this Court must construe the evidence in the
light most favorable to the non-movant and draw all reasonable
inferences in his favor.  Anderson v. Liberty Lobby, Inc., 477

3

U.S. 242, 251 (1986); Gallo v. Prudential Residential Servs.
Ltd. P'ship, 22 F.3d 1219, 1223-24 (2d Cir. 1994).

In reviewing a motion for summary judgment involving a non-
moving, *pro se* plaintiff, this Court "liberally construe[s]
[the] pleadings and briefs submitted by [the] *pro se*
litigant[]," "reading such submissions to raise the strongest
arguments they suggest." Bertin v. United States, 478 F.3d 489,
491 (2d Cir. 2007) (quotation marks omitted). However, even *pro
se* plaintiffs must offer some evidence that would defeat a
motion for summary judgment. Saldana v. Local 32B-32J Serv.
Emps. Int'l Union, 03 Civ. 1853, 2005 U.S. Dist. LEXIS 464, at
*4 (S.D.N.Y. 2005) ("Even a *pro se* plaintiff [] cannot withstand
a motion for summary judgment by relying merely on the
allegations of a complaint.")

### 2. The DOC is Not a Proper Defendant

As a threshold matter, the law is clear that the DOC is not
a suable entity. See e.g., Renelique v. Doe, No. 99 Civ. 10425,
2003 WL 23023771, at *6 (S.D.N.Y. Dec. 29, 2003) ("[T]he
overwhelming body of authority holds that DOC is not a suable
entity."). As an agency of the City of New York, it lacks an
independent legal existence; the DOC is an agency within the
meaning of the New York City Charter. New York City Charter,
Ch. 16, § 396. See also Antrobus v. Dep't of Corr., No. 07 Civ.

4

2076, 2009 WL 773277, at *3 (S.D.N.Y. Mar. 24, 2009)

("[P]erforce of the . . . New York City Charter, DOC, an agency

of the city of New York, lacks the capacity to be sued.")  The

Charter provides that all actions for violations of any law

"shall be brought in the name of the city of New York and not in

that of any agency."  New York City Charter, Ch. 16, § 396.  The

case law is clear that actions should not proceed against the

DOC as a named defendant.  See e.g. Hemrie v. City of New York,

No. 96 Civ. 213, 2000 WL 1234594, at *1 (S.D.N.Y. Aug. 31,

2010); Echevarria v. Dep't of Corr. Servs., 48 F. Supp. 2d 388,

391 (S.D.N.Y. 1999).

This is an independently sufficient, but not the only,

basis for granting defendant's motion for summary judgment.

Even if this Court were to construe plaintiff's claim against

the DOC as a claim against the City of New York, it would be

dismissed for the additional reasons set forth below.

### 3. Failure to Exhaust Administrative Remedies

The Prison Litigation Reform Act ("PLRA") provides that

"[n]o action shall be brought with respect to prison conditions

under Section 1983 of this title, or any other Federal law, by a

prisoner confined in jail, prison, or any other correctional

facility until such administrative remedies as are available are

exhausted."  42 U.S.C. § 1997e(a).  The PLRA's exhaustion

requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Hill v. Curcione, 657 F.3d 116, 124 (2d Cir. 2011) (quoting Porter v. Nussle, 534 U.S. 516, 532 (2002)).

As set forth above, the only evidence in the record is that plaintiff wrote letters to Warden Cripps of the AMKC and Mrs. Reed of the Board of Correction and completed a Grievant's Statement Form. (Compl. at 7-10.) "Alerting the prison officials as to the nature of the wrong for which redress is sought does not constitute proper exhaustion." Macias v. Zenk, 495 F.3d 37, 44 (2d Cir. 2007) (alterations, internal quotation marks and citations omitted). There is no dispute of material fact that plaintiff did not avail himself of the various procedures outlined in the IGRP.

Where (1) administrative remedies were in fact available to the prisoner (there is no dispute that they were), (2) defendant raised exhaustion as an affirmative defense (it did, see Answer ¶ 15), (3) defendant is not estopped from raising the defense (plaintiff has put forth no evidence to suggest as much) and (4) there are no special circumstances that could have plausibly justified plaintiff's failure to complete the administrative process (none have been set forth), plaintiff's Section 1983

claim must fail.  See e.g., Amador v. Andrews, 655 F.3d 89, 102 (2d Cir. 2011) ("It is clear that challenges to DOCS policies or lack thereof . . . must be pursued through the CORC level. While this is a somewhat complex scheme, it hardly constitutes special circumstances.  [Plaintiff's] grievance was thus not exhausted."); Rivera v. Anna M. Kross Ctr., No. 10 Civ. 8696, 2012 WL 383941, at *3, 7 (S.D.N.Y. Feb. 7, 2012) ("Rivera has completed only one step in exhausting his administrative remedies. . . .  The PLRA therefore requires dismissal.")

### 4. A Cognizable Section 1983 Claim Requires Physical Injury

Even if plaintiff had sued the correct parties and availed himself of the full array of grievance procedures provided for under the IGRP, his claim would nonetheless not survive this motion for summary judgment.  Plaintiff has stated only that he suffered mental stress.  (See Compl. at 3.)  Apart from a bare statement in his complaint, he does not allege any facts specific even as to that harm.  The PLRA requires that a claim under Section 1983 requires an allegation of physical harm.  42 U.S.C. § 1997e(e).  See also, Cox v. Malone, 199 F. Supp. 2d 135, 139 (S.D.N.Y. 2002) ("Courts have consistently held that Section 1997e(e) bars prisoner civil rights suits seeking damages for constitutional violations where the inmate-plaintiff suffers only emotional and mental injury."), aff'd 56 F. App'x.

43 (2d Cir. 2003).  Cases asserting emotional harm, unaccompanied by a claim of physical harm, are routinely dismissed.  See e.g., Fincher v. City of New York, No. 09 Civ. 10318, 2010 U.S. Dist. LEXIS 99061, at *2 (Sept. 17, 2010); Petty v. Goord, No. 00 Civ. 803, 2008 U.S. Dist. LEXIS 38975, at *17-18 (S.D.N.Y. April 22, 2008).  Plaintiff has not asserted a cognizable physical harm.  Liner v. Goord, 196 F.3d 132, 135 (2d Cir. 1999) (holding that injury complained of must be more than de minimis).

Accordingly, this is an additional basis for granting defendant's motion for summary judgment.

CONCLUSION

For the reasons set forth above, defendant's motion for summary judgment is GRANTED.  The Court finds, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for purpose of an appeal.  Coppedge v. United States, 369 U.S. 438, 445 (1962).

The Clerk of the Court is directed to terminate the motion at Docket No. 16 and to close this action.

SO ORDERED.

Dated:     New York, New York
           March 2, 2012

                                        _____
                                            KATHERINE B. FORREST
                                        United States District Judge

9